966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Hussein Alberto RICO-MERCHAN, Defendant-Appellant.
 No. 91-5878.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 1, 1992
Decided: June 12, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Falcon B. Hawkins, Chief District Judge. (CR-91-9)
 Louis Casuso, Miami, Florida, for Appellant.
 E. Bart Daniel, United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Hussein Alberto Rico-Merchan pled guilty to three counts of aiding and abetting interstate travel in support of a business enterprise involving cocaine (18 U.S.C. § 1952(a) (Supp. II 1990)). He appeals the sentence he received and we affirm.
 
 
 2
 The offense here involved the importation of 800 kilograms of cocaine from Columbia to South Carolina. The cocaine was destined for New York. Two of Rico-Merchan's associates had traveled to South Carolina from New York, another had come from Florida, and the cocaine was about to be delivered to New York when the arrests were carried out.
 
 
 3
 Taking into account a two-level reduction for acceptance of responsibility, the district court found that Rico-Merchan's final offense level was thirty-eight, and his guideline range* was 235-293 months. Because each of the § 1952(a) counts carried a maximum penalty of five years imprisonment, the district court followed guideline section 5G1.2(d) in imposing consecutive sentences for a total sentence of 180 months imprisonment. We find that the district court correctly determined the offense level and correctly applied the guidelines in imposing consecutive sentences under section 5G1.2(d). No constitutional deprivation or fundamental unfairness resulted. RicoMerchan received a two-level downward adjustment from a base offense level of forty to thirty-eight because he accepted responsibility for his criminal conduct. He was not entitled to have the 180month sentence reduced for acceptance of responsibility.
 
 
 4
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 5
 FN*United States Sentencing Commission, Guidelines Manual (Nov. 1990).